814 F.2d 883
 ALFARO MOTORS, INC., and Richard Alfaro, Plaintiffs-Appellants,
v.
Hon. Benjamin WARD, as Police Commissioner of the City of
New York, the City of New York Police Department, and
Anthony Savarese, individually and as a Sergeant in the New
York City Police Department, Defendants-Appellees.
 No. 785, Docket 86-7976.
 United States Court of Appeals,
Second Circuit.
 Argued Feb. 13, 1987.
Decided March 25, 1987.
 
 Robert Sadowski, Kew Gardens, N.Y., for plaintiffs-appellants.
 Fay Ng, Asst. Corp. Counsel, New York City, (Doron Gopstein, Acting Corp. Counsel, Pamela Seider Dolgow, Asst. Corp. Counsel, New York City, of counsel), for defendants-appellees.
 Before FEINBERG, Chief Judge, PIERCE and MINER, Circuit Judges.
 PIERCE, Circuit Judge:
 
 
 1
 Plaintiffs-appellants, Richard Alfaro and Alfaro Motors, Inc., appeal from an order entered on November 3, 1986, in the United States District Court for the Southern District of New York (Keenan, Judge ), granting appellees' motion for summary judgment and from a judgment entered on November 14, 1986, dismissing appellants' civil rights complaint filed pursuant to 42 U.S.C. Sec. 1983. The district court held that appellants' claim alleging the denial of a prompt hearing to review the denial of certain tow car medallions was barred by res judicata for failure to raise the claim in an earlier state court proceeding. The district court also held that an administrative decision to deny appellants additional tow car medallions was not arbitrary and capricious.
 
 
 2
 On appeal, appellants argue, first, that the district court erred in applying res judicata; and, second, that they were improperly denied the additional medallions.
 
 
 3
 The judgment of the district court is affirmed for reasons other than those stated in the district court opinion.
 
 
 4
 * The facts are generally not in dispute, and we summarize only those necessary for an understanding of the issues raised by this appeal.
 
 
 5
 In early summer of 1983, Richard Alfaro, sole owner of two tow car companies in New York City, Alfaro Motors, Inc. ("Alfaro Motors") and City-Wide Collision Towing Service, Inc. ("City-Wide"), decided to consolidate his two businesses and to operate solely through Alfaro Motors. In that connection, he allegedly was told by the New York City Police Department, which regulates and licenses the tow car industry, to surrender the seven medallions issued to City-Wide (the "original seven medallions"), and that they would be reissued to Alfaro Motors "as a matter of course." Accordingly, on June 1, 1983, Richard Alfaro informed the Police Department that City-Wide would be going out of business, and City-Wide voluntarily surrendered the original seven medallions issued to it. Earlier, on May 21, 1983, Alfaro Motors had applied for two medallions (the "initial two medallions") in addition to its existing ones with which it had operated previously (the "existing medallions"). Apparently, these two medallions were meant to partially take the place of the original seven medallions issued in City-Wide's name. By letter dated June 15, 1983, the Police Department disapproved Alfaro Motors' application for these two medallions, primarily because Richard Alfaro had been indicted in December 1982 for insurance fraud and attempted grand larceny, and there had not yet been a final disposition of those charges. Alfaro Motors appealed from this disapproval to the Commanding Officer of the Licensing Division of the Police Department, and the appeal was denied by letter dated July 8, 1983; Alfaro Motors' request for a hearing was also denied pending final disposition of the criminal charges.
 
 
 6
 On July 8, 1983, appellants commenced an Article 78 proceeding in New York State Supreme Court, Queens County, seeking an order annulling the Police Department's determination which rejected Alfaro Motors' application for the initial two medallions. By decision dated September 19, 1983, the state court, responding to appellants' contention that the subject of the application was not new medallions but a request to reissue or transfer existing medallions, ruled that under the applicable regulations, the application had been treated properly as one for new, additional medallions. Alfaro v. Strange, Index No. 10489/83 ("Alfaro I ") (Sup.Ct., Queens Co., Sept. 19, 1983). The state court also held, however, that Alfaro Motors was entitled to a full hearing before final action on its application, but that such a hearing need not take place prior to the disposition of the pending criminal charges against its owner, Richard Alfaro. Accordingly, the court ordered reinstatement of Alfaro Motors' application for the initial two medallions, but directed that it be held in abeyance to await disposition of the criminal charges.
 
 
 7
 On November 9, 1983, Richard Alfaro was found guilty of insurance fraud. Shortly thereafter, on January 18, 1984, an administrative hearing was held by the Police Department concerning Richard Alfaro's conviction and Alfaro Motors' continuing status as a licensee. As a result of the hearing, Alfaro Motors was allowed to continue to operate with its existing medallions, and the two additional medallions it had been seeking pending disposition of the appeal of Richard Alfaro's conviction were issued.
 
 
 8
 After the hearing, on March 26, 1984, Alfaro Motors applied for five additional medallions (the "five additional medallions"), presumably, along with the above-mentioned two, to fully replace the original seven medallions that had been surrendered by City-Wide. That application was denied on the grounds that Richard Alfaro had been arrested, and that Alfaro Motors, following a hearing, already had been conditionally granted the right to operate with its existing medallions and two additional ones. On July 13, 1984, appellants commenced a second Article 78 proceeding ("Alfaro II ") challenging the denial of the application for the five additional medallions in Alfaro Motors' name. Appellants concede however, that they have failed to perfect this proceeding in the state court.
 
 
 9
 The instant action seeking money damages under 42 U.S.C. Sec. 1983 was commenced by appellants in February 1985. It is not at all clear from appellants' complaint in what way their constitutional rights were allegedly violated. The district court construed the complaint as stating two possible causes of action. As interpreted by the district court, the first claim is that the Police Department, after denying Alfaro Motors' application for the initial two medallions did not offer "a prompt hearing as required by the fourteenth amendment." The district court held that this claim was barred by res judicata because appellants could have asserted it in the earlier state court Article 78 proceeding (Alfaro I ) but failed to do so. The second claim identified is that the Police Department acted arbitrarily and capriciously in refusing to issue the five additional medallions in Alfaro Motors' name. The district court rejected this claim as well, holding that the denial of the application for the five additional medallions was not based "on whim or caprice," but rather, was justified under the applicable regulations. On appeal, appellants contend that their complaint also contains a claim, one not expressly considered by the district court, that Richard Alfaro initially surrendered the original seven City-Wide medallions in reliance upon the instructions of the Police Department and that Police Department officials breached their alleged promise to reissue those medallions to Alfaro Motors "as a matter of course."
 
 II
 
 10
 Initially, we hold that appellants' claims against the individual defendants herein cannot stand. Although the caption of appellants' complaint names as defendants Benjamin Ward, Police Commissioner of the City of New York, and Anthony Savarese, a sergeant in the New York City Police Department, the complaint is entirely devoid of any allegations of their personal involvement in denying appellants either a prompt hearing or the additional medallions sought. Having failed to allege, as they must, that these defendants were directly and personally responsible for the purported unlawful conduct, their complaint is "fatally defective" on its face. Black v. United States, 534 F.2d 524, 527-28 (2d Cir.1976); accord Owens v. Coughlin, 561 F.Supp. 426, 428 (S.D.N.Y.1983). Although the district court based its dismissal of the complaint on other grounds, we are free to affirm a district court decision on any grounds for which there is a record sufficient to permit conclusions of law, even grounds not relied upon by the district court. Railway Labor Executives' Ass'n v. Staten Island R.R., 792 F.2d 7, 12 (2d Cir.1986), cert. denied, --- U.S. ----, 107 S.Ct. 927, 93 L.Ed.2d 978 (1987); Heimbach v. Chu, 744 F.2d 11, 13 (2d Cir.1984), cert. denied, 470 U.S. 1084, 105 S.Ct. 1842, 85 L.Ed.2d 141 (1985); 6 J. Moore & J. Wicker, Moore's Federal Practice p 56.27, at 56-1561 (2d ed. 1985).
 
 
 11
 Turning next to appellants' claims against the City, the first cause of action identified by the district court is that appellants were not afforded a prompt hearing to review the denial of their application for the initial two medallions. The district court did not reach the merits of this claim because it held that appellants had an opportunity to raise the issue in Alfaro I, and having failed to do so, were barred by res judicata principles from relitigating this point. Under recent decisions of this Court, however, failure to assert a claim for monetary damages in a prior New York State Article 78 proceeding does not necessarily preclude, under the doctrine of res judicata, a later Sec. 1983 suit in federal court based on the same underlying facts litigated in the Article 78 proceeding. Davidson v. Capuano, 792 F.2d 275 (2d Cir.1986); Fay v. South Colonie Cent. School Dist., 802 F.2d 21 (2d Cir.1986); Giano v. Flood, 803 F.2d 769 (2d Cir.1986) (per curiam). Nevertheless, although res judicata principles do not apply, in our view, appellants' complaint was properly dismissed.
 
 
 12
 First, it is well settled that to state a civil rights claim under Sec. 1983, a complaint must contain specific allegations of fact which indicate a deprivation of constitutional rights; allegations which are nothing more than broad, simple, and conclusory statements are insufficient to state a claim under Sec. 1983. Koch v. Yunich, 533 F.2d 80, 85 (2d Cir.1976); Fine v. City of New York, 529 F.2d 70, 73 (2d Cir.1975). Appellants' general and conclusory allegation, without more, that they were denied "a prompt administrative hearing" does not meet the requisite standard for pleadings in a Sec. 1983 action. Thus, although the district court erred in granting summary judgment based on res judicata principles, it could have dismissed the complaint for failure to state a claim. See Eastway Const. Corp. v. City of New York, 762 F.2d 243, 250 (2d Cir.1985).
 
 
 13
 Moreover, even assuming that appellants' complaint was properly pleaded and that appellants had a property interest in the two initial medallions sought, due process was not violated because the Police Department postponed the requested hearing until after the disposition of Richard Alfaro's pending criminal charges. Under the applicable regulations, in deciding whether to grant an application for a tow car medallion, the licensing officer is required to consider whether an applicant has a "record of convictions for any felony or serious offense as enumerated in Section 265.00(17) of the New York State Penal Law." New York City Police Department Regulations Governing Towing Cars, Towing Car Owners and Towing Car Drivers, Art. II, Subdivision B(3). Moreover, the licensing officer has discretion to consider other factors, such as "[i]ncidents in an applicant's background disclosing a tendency toward ... theft or other misconduct that would be detrimental to the public interest or safety...." Id. at Art II, Subdivision B(8) (emphasis added). In this instance, at the time of Alfaro Motors' application for the two initial medallions, Richard Alfaro had been indicted for a felony, namely, attempted grand larceny, and a misdemeanor related to theft, namely, insurance fraud. Thus, the disposition of these charges would necessarily have a direct bearing on the decision whether to grant the application. Before knowing the outcome of these criminal charges a hearing would have served no useful purpose. Once the criminal charges were resolved, a hearing was in fact held. Therefore, under the circumstances herein, appellants have not shown that they have been denied their right to a prompt hearing in violation of due process.
 
 
 14
 Appellants' remaining claim against the City involves an alleged violation of due process based on the denial of the five additional medallions. It is not at all clear from the record in what way appellants allege that the medallions were improperly denied. On the one hand, appellants seem to contend that the five additional medallions should have been automatically reissued pursuant to an understanding they had with the Police Department that if the original seven City-Wide medallions were voluntarily surrendered, those medallions would be reissued "as a matter of course" in Alfaro Motors' name. On the other hand, seemingly conceding that their application for the five additional medallions was one for new medallions, unrelated to the original seven surrendered by City-Wide, appellants argue that it was irrational for the Police Department to have granted their initial application for two medallions, only later to have rejected their application for five additional ones. However, no matter how their complaint is construed, it is clear that appellants' claim is not properly before the federal courts. Appellants' complaint contains no allegations that the alleged unconstitutional actions were ever taken pursuant to a policy, custom, or practice of the Police Department. Zanghi v. Incorporated Village of Old Brookville, 752 F.2d 42, 45 (2d Cir.1985) (to state claim against municipality, complaint must allege that unconstitutional act occurred pursuant to official policy or governmental custom).
 
 
 15
 Moreover, even if properly pleaded, it cannot be said that appellants were deprived of property without due process of law. In reviewing state administrative proceedings, it is the function of the federal courts to determine only whether the state has provided adequate avenues of redress to review and remedy arbitrary action. See Parratt v. Taylor, 451 U.S. 527, 543-44, 101 S.Ct. 1908, 1916-17, 68 L.Ed.2d 420 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); see also Hudson v. Palmer, 468 U.S. 517, 534-36, 104 S.Ct. 3194, 3204-05, 82 L.Ed.2d 393 (1984). Section 1983 is not a means for litigating in a federal forum whether a state or local administrative decision was arbitrary and capricious. Creative Environments, Inc. v. Estabrook, 680 F.2d 822, 832 n. 9 (1st Cir.), cert. denied, 459 U.S. 989, 103 S.Ct. 345, 74 L.Ed.2d 385 (1982). Thus, assuming for the moment that appellants somehow have a property right in the five additional medallions, our inquiry is satisfied by noting that adequate state procedures, sufficient to protect appellants' claimed property interest, such as a New York State Article 78 proceeding, Eastway Const. Corp., 762 F.2d at 250, were available to appellants. In fact, in this instance, appellants initially availed themselves of such a state procedure by instituting an Article 78 proceeding to challenge the denial of the five additional medallions (Alfaro II ), only later to have abandoned that proceeding midstream.
 
 III
 
 16
 For the reasons stated, the judgment of the district court dismissing appellants' Sec. 1983 complaint is affirmed.