51 F.3d 268
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Eugene A. STAUCH, III, Plaintiff-Appellant,
v.
CHARLESTON COUNTY JAIL, through the following employees
thereof; J. Al Cannon, Jr., Sheriff; A. M. Sprague, Chief
Jailer; Lieutenant Hargrove; Unnamed Employee; Head Nurse
Elliott; LPN Wait; LPN Austin; LPN Bryant, Defendants-Appellees.
 No. 94-6335.
 United States Court of Appeals, Fourth Circuit.
 Submitted: February 16, 1995.
Decided: March 9, 1995.
 
 Eugene A. Stauch, III, Appellant Pro Se. James Albert Stuckey, Jr., STUCKEY & KOBROVSKY, Charleston, SC, for Appellees.
 Before HAMILTON and MOTZ, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Eugene Stauch appeals from the district court's order adopting the magistrate judge's recommendation to grant summary judgment to the Defendants on Stauch's 42 U.S.C. Sec. 1983 (1988) action. We affirm, although on different grounds, in part, than those provided by the district court.
 
 
 2
 Stauch claimed he was injured when he fell down a flight of stairs at the Charleston County Jail while chained with a group of inmates because the guards "rushed" them down the steps. Stauch further alleged that his injury was exacerbated by being forced to sleep on the floor, albeit on a mattress, and that he was denied proper medical care. Our review of the record and the district court's opinion adopting the magistrate judge's recommendation discloses that this appeal is without merit. Accordingly, as to Stauch's claim regarding his medical care, we affirm on the reasoning of the district court. Stauch v. Charleston County Jail, No. CA-92-221-2-6BD (D.S.C. Mar. 16, 1994).
 
 
 3
 The district court found that Stauch's claim regarding his initial injury was without merit because he failed to name the guard or guards responsible for the fall, citing Alfaro Motors, Inc. v. Ward, 814 F.2d 883, 887 (2d Cir.1987). However, because Stauch was proceeding pro se, dismissal was not proper on this ground alone. See Gordon v. Leeke, 574 F.2d 1147, 1152-53 (4th Cir.), cert. denied, 439 U.S. 970 (1978) (where pro se litigant alleges cause of action which may be meritorious against persons unknown, district court should "afford him a reasonable opportunity to determine the correct person or persons against whom the claim is asserted, advise him how to proceed and direct or permit amendment of the pleadings to bring that person or persons before the court"). Nevertheless, we find that, even accepting Stauch's version of the facts as true, his injury resulted from negligence which is not actionable under Sec. 1983. Daniels v. Williams, 474 U.S. 327 (1986).
 
 
 4
 The district court construed Stauch's complaint regarding having to sleep on the floor as essentially an overcrowding claim and held that overcrowding per se is not a constitutional violation. Rhodes v. Chapman, 452 U.S. 337 (1981); Bell v. Wolfish, 441 U.S. 520 (1979); Plyler v. Evatt, 846 F.2d 208 (4th Cir.), cert. denied, 488 U.S. 897 (1988). However, Stauch's complaint was that sleeping on the floor, even on a mattress, caused further injury and pain in his back. Again, we find that this allegation, even if true, amounts to a negligence claim not cognizable in a Sec. 1983 action. Daniels, 474 U.S. at 328.
 
 
 5
 Therefore, we affirm the district court's order granting summary judgment to the Defendants and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED