Amber **DEWICK, Individually and as Administratirix of the Estate of Daniel Dewick, deceased and Maynard Kerrick, Individually and as Administrator of the Estate of Trina Kerrick, deceased, Plaintiff,**

v.

**VILLAGE OF PENN YAN, Village of Penn Yan Parks Department, Mayor Nissen, Trustee R. Hamilton, Jr., Trustee L. Mackerchar, and Trustee J. Maciejewski, Defendants.**

No. 96–CV–6523L.

United States District Court,
W.D. New York.

July 14, 1997.

Lawrence J. Strauss, Nicholas, Perot & Strauss, Akron, NY, Ronald R. Gilbert, Ronald R. Gilbert, P.C., Detroit, MI, for Plaintiffs.

Robert J. Burke, Burke, Grossman, Valenti, Albright, Harter, Rzepka & Beebe, Rochester, NY, James M. DeVoy, Law Office of James M. DeVoy, Buffalo, NY, for Defendants.

*DECISION AND ORDER*

LARIMER, Chief Judge.

## INTRODUCTION

This case arises from the tragic drowning of a young girl and her would-be rescuer at a

public beach in Penn Yan, New York. Representatives of the estates of both commenced this action in federal court on November 15, 1996. The complaint alleges several acts of negligence on behalf of the Village of Penn Yan and various Village employees or Trustees ("defendants"). The complaint alleges that defendants were negligent in making the beach safe for bathers. In addition to the state common law tort claim in negligence, plaintiffs have set forth, in Count 2, what they describe as a civil rights claim pursuant to 42 U.S.C. § 1983. Plaintiffs suggest in the complaint that decedents' rights under the United States Constitution were violated by acts of the defendants.

■ Defendants now move for judgment on the pleadings to dismiss the complaint for failure to allege a constitutional violation.[1] For the reasons set forth below, defendants' motion is granted and the complaint is dismissed.

## BACKGROUND

On June 19, 1995, Trina Kerrick ("Kerrick"), was swimming in Keuka Lake at Indian Pines Village Park in the Village of Penn Yan. She apparently was not a strong swimmer and at some point she began to have difficulty staying afloat. Plaintiffs contend that there was a steep drop-off from a sandbar in the area where Kerrick was swimming caused by a strong undercurrent. The current was allegedly caused by a utility plant owned by the Village of Penn Yan, located on a channel between Keuka Lake and an adjacent lake.

Kerrick apparently was caught in the current, found herself in deep water and began to struggle in the water. Daniel DeWick ("DeWick") heard Kerrick's cries for help and attempted to rescue her. He, too, was not a strong swimmer. Unfortunately, the rescue attempt failed, and both Kerrick and DeWick drowned.

The parties dispute whether the beach was officially open for bathing on the day of the accident. Defendants contend that the beach was not open for swimming, no lifeguards were present, and that a sign was posted at the beach warning bathers that no swimming was permitted while lifeguards were not on duty.

The representatives of both Kerrick and DeWick commenced this action in federal court.[2] In the federal complaint, plaintiffs allege a breach of due care toward both decedents and set forth several acts of negligence on the part of defendants. Plaintiffs contend that defendants knew or should have known that bathers were using the beach at the time of the accident and were negligent in: (1) failing to patrol the beach area to keep bathers out of the water; (2) failing to provide adequate lifesaving equipment or personnel; and (3) failing to put swimming buoys in place and adequately mark the drop-off area or warn of the danger it posed.

In Count 2 of the complaint, plaintiffs set forth their civil rights claim which is the subject of the pending motion. Plaintiffs contend that the defendants' actions violated decedents' constitutional rights because the "intentional wanton and willful" acts of defendants deprived both decedents of life without due process of law. Plaintiffs claim that defendants engaged in a policy of failing to properly train or supervise village employees to keep bathers out of the water when the beach was not open to the public and that this policy or practice amounted to deliberate indifference to a known risk of danger.

## DISCUSSION

### I. Plaintiffs' Constitutional Claims

Although the complaint is somewhat unclear, plaintiffs appear to contend that defendants' failure to keep bathers out of the

---

1. There is some dispute between the parties as to whether defendants' motion is one for dismissal under Federal Rules of Civil Procedure, Rule 12(b)(6) or is more properly regarded as one for judgment on the pleadings pursuant to Rule 12(c). The Court will treat this as a motion under Rule 12(c), although the standard is identical to a Rule 12(b)(6) motion. Under both rules, the Court's decision must rest solely on the pleadings and, therefore, any matters submitted outside the pleadings here were not considered.

2. They also commenced a separate state court action, alleging negligence and related claims, in Yates County Supreme Court.

water, or in the alternative, provide adequate lifesaving equipment or services, violated the decedents' substantive due process rights. (See Complaint at pp. 7–9.) In essence, plaintiffs contend that defendants' actions deprived Kerrick and DeWick of their substantive right to life.

■ The Due Process Clause of the Fourteenth Amendment provides, "nor shall any State deprive any person of life, liberty, or property, without due process of law." The Supreme Court has stated that the Due Process Clause was "intended to secure the individual from the arbitrary exercise of the powers of government." *Daniels v. Williams,* 474 U.S. 327, 331, 106 S.Ct. 662, 665, 88 L.Ed.2d 662 (1986) (citations omitted). The Court has been reluctant, however, "to expand the concept of substantive due process because guideposts for responsible decisionmaking in this unchartered area are scarce and open-ended." *Collins v. City of Harker Heights,* 503 U.S. 115, 125, 112 S.Ct. 1061, 1068, 117 L.Ed.2d 261 (1992). Thus, the Due Process Clause guards against governmental conduct that "can properly be characterized as arbitrary, or conscience shocking, in a constitutional sense," *Collins,* 503 U.S. at 128, 112 S.Ct. at 1070; simple negligence is not enough. *Daniels,* 474 U.S. at 331, 106 S.Ct. at 665 (right to due process applies to "*deliberate* decisions of government officials") (emphasis in original); *see also Davidson v. Cannon,* 474 U.S. 344, 347–48, 106 S.Ct. 668, 670–71, 88 L.Ed.2d 677 (1986).

■ Seemingly aware that mere negligence by a state actor is insufficient to support liability under Section 1983, plaintiffs allege that defendants acted "recklessly" or were "grossly negligent" in training or supervising Village personnel to properly patrol the beach area, and that "said policies or practices amounted to a deliberate indifference and approval of a pattern of inadequate premises supervision and maintenance." (Complaint at pp. 7–8.) Plaintiffs later refer to defendants' conduct as "intentional wanton and willful...." (Complaint at p. 8.)

■ Mere recitation of the appropriate charging language, however, does not satisfy plaintiffs' pleading requirements. As the Second Circuit has "repeatedly held, complaints relying on the civil rights statutes are insufficient unless they contain some specific allegations of fact indicating a deprivation of rights, instead of a litany of general conclusions that shock but have no meaning." *Barr v. Abrams,* 810 F.2d 358, 363 (2d Cir. 1987). "[A]llegations which are nothing more than broad, simple, and conclusory statements are insufficient to state a claim under § 1983." *Alfaro Motors, Inc. v. Ward,* 814 F.2d 883, 887 (2d Cir.1987) (citations omitted).

Plaintiffs allege no facts to support their claims of recklessness or deliberate indifference. Although their allegations "may state a ... [constitutional] violation in form, they fail to do so in substance, since they 'consist[ ] of nothing more than naked assertions, and set[ ] forth no facts upon which a court could find a violation of ... Civil Rights....' " *Daniels v. City of Binghamton,* 947 F.Supp. 590, 596 (N.D.N.Y.1996) (quoting *Martin v. New York State Dept. of Mental Hygiene,* 588 F.2d 371, 372 (2d Cir. 1978) (*per curiam* )).

Further, the complaint is devoid of any factual allegations demonstrating that the individual defendants were personally involved in the alleged wrongful conduct. *See Alfaro Motors, Inc. v. Ward,* 814 F.2d at 886 (personal involvement of government official necessary for liability under § 1983). Plaintiffs simply contend that the individual defendants had actual or constructive knowledge of the "customs" or "policies of the Village of Penn Yan [which] caused decedents to be placed in a position of danger which resulted in their deaths...." (Complaint at p. 7.) Although unclear, plaintiffs appear to contend that the complained of "custom" or "policy" is the individual defendants' failure to adequately supervise or train Village employees to patrol the beach area. (Complaint at p. 8.)

> The mere assertion, however, that a municipality has such a custom or policy is insufficient in the absence of allegations of fact tending to support, at least circumstantially, such an inference. Similarly, the simple recitation that there was a failure to train municipal employees does not

suffice to allege that a municipal custom or policy caused the plaintiff's injury.

*Dwares v. City Of New York,* 985 F.2d 94, 100 (2d Cir.1993) (citations omitted); *see also Alfaro Motors, Inc.,* 814 F.2d at 886.

In short, plaintiffs have failed to allege any facts supporting the existence of a municipal policy that resulted in a violation of the decedents' rights, much less that the individual defendants were in any way responsible for the creation or enforcement of that policy. Accordingly, the "complaint is 'fatally defective' on its face." *Alfaro,* 814 F.2d at 886.

Moreover, it is doubtful whether the wrongful conduct alleged against defendants could ever rise to the level of a constitutional violation. Clearly, decedents possessed no affirmative right to governmental aid. *See DeShaney v. Winnebago County Dept. of Social Services,* 489 U.S. 189, 195–96, 109 S.Ct. 998, 1002–04, 103 L.Ed.2d 249 (1989). The Fourteenth Amendment serves "as a limitation on the State's power to act, not as a guarantee of certain minimal levels of safety and security." *Id.* at 195, 109 S.Ct. at 1003. This is so "even where such aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual." *Id.* at 196, 109 S.Ct. at 1003.

The allegations presently before me are insufficient to state a constitutional violation under § 1983. Plaintiffs have amply pleaded claims under state law for negligence in this complaint, and presumably in the pending state court action as well. Negligence by defendants is essentially what this case is about. As tragic as these events may have been, there is nothing set forth in this complaint which suggests that the acts of defendants were objectively such as to constitute a deprivation of the decedents' constitutional rights. If I were to rule otherwise, virtually any negligence action against a municipality could be transformed into a federal civil rights action by merely asserting that the claimant's constitutional rights have been violated.

Plaintiffs rely heavily on a Seventh Circuit case, *Ross v. United States,* 910 F.2d 1422 (7th Cir.1990) for the proposition that the failure to provide rescue services constitutes a violation of the victim's civil rights. That reliance is, however, misplaced. In *Ross,* the county sheriff *prevented* private citizens from attempting to rescue a drowning boy. *Id.* at 1424–25. The court in *Ross* held that the victim's constitutional rights were violated not because the county failed to rescue him, but because the county arbitrarily cut off private avenues of rescue "without providing a meaningful alternative." *Id.* at 1431.

In the instant case, there is no suggestion that the Village of Penn Yan or any of its officials affirmatively prevented private citizens from effecting a rescue. In fact, a private rescue was unsuccessfully attempted. The gravamen of plaintiffs' complaint is that defendants failed to properly patrol the beach or provide rescue services that allegedly would have saved DeWick's and Kerrick's lives. While defendants' conduct may be proven to rise to the level of negligence, plaintiffs provide no factual basis to support the conclusion that the complained-of conduct was " 'sufficiently severe, sufficiently disproportionate to the need presented and so deliberate and unjustified a misuse of [authority] as to transcend the bounds of ordinary tort law and establish a deprivation of constitutional rights.' " *McClary v. O'Hare,* 786 F.2d 83, 88 (2d Cir.1986) (citation omitted). Accordingly, plaintiffs' constitutional claim must be dismissed.

## II. Plaintiffs' State And Common Law Claims

Because I have concluded that plaintiffs' constitutional claims must be dismissed and because plaintiffs are currently pursuing a related state court action, I decline to exercise jurisdiction over their remaining state and common law claims. *See* 28 U.S.C. § 1367(c); *Choe v. Fordham Univ. School of Law,* 81 F.3d 319 (2d Cir.1996), (citing *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966)).

## CONCLUSION

For the reasons set forth above, defendants' motion to dismiss or, in the alternative, for judgment on the pleadings is

granted and the complaint is dismissed in its entirety.

IT IS SO ORDERED.