**Talib ALSAIFULLAH,**

v.

**Brion TRAVIS, Chairman of the New York State Division of Parole, Defendant.**

**No. 99 CV 6337(SJ).**

United States District Court, E.D. New York.

March 12, 2001.

Talib Alsaifullah, Albany, NY, for Plaintiff, Pro Se.

Eliot Spitzer, Attorney General of the State of New York by Hillary A. Tennant, New York City, for Defendant.

## MEMORANDUM AND ORDER

JOHNSON, District Judge.

Talib Alsaifullah ("Plaintiff"), *pro se*, brings this action against Brion Travis ("Defendant"), Chairman of the New York State Parole Division, pursuant to 42 U.S.C. § 1983. Plaintiff seeks damages and a restraining order, alleging that Defendant, in his individual and official capacity, deprived Plaintiff of constitutionally guaranteed rights by violating the statutes governing the parole revocation process. Presently before the Court is Defendant's motion to dismiss the Amended Complaint, pursuant to Rule 12(b) of the Federal Rules of Civil Procedure. For the following reasons, Defendant's motion is granted and the Amended Complaint is dismissed in its entirety.

## BACKGROUND

Plaintiff was released to parole supervision on May 17, 1996.[1] On September 13, 1997, Plaintiff was declared delinquent with respect to his parole obligations and a parole revocation hearing was held on December 1, 1997. At that hearing, Plaintiff's attorney of record was not present, however, Plaintiff was represented by a public defender who, following discussions with Plaintiff during a lengthy recess at the start of the hearing, agreed to act as Plaintiff's counsel. (Compl., Ex. B at 3.) At the start of the hearing, Plaintiff confirmed that he had received timely notice of the final hearing and Plaintiff's counsel waived notice, with no objection from Plaintiff. (Compl., Ex. B at 3, 6.) Plaintiff then pled guilty to numerous parole violations. After pleading guilty, Plaintiff provided testimony regarding his conduct while on parole. Plaintiff believed that this testimony established "exceptional mitigating circumstances" which the Administrative Law Judge ("ALJ") would consider in passing sentence. (Am. Compl. at 2.) At sentencing, the ALJ recommended a hold to maximum expiration based upon Plaintiff's poor employment history, drug and alcohol use, the nature of the underlying crime of conviction, and Plaintiff's conditional release status.

The Commissioner of the Division of Parole affirmed the ALJ's decision as consistent with the guidelines set forth in 9 NYCRR § 8005.2(c) for Category One parole violators. On appeal, the decision was affirmed by the Appeals Unit of the Board of Parole. Plaintiff subsequently filed a habeas corpus petition in Richmond County Supreme Court, challenging the Parole Division's determinations. That petition was dismissed and the dismissal was later affirmed on appeal by the Appellate Division, Second Department.

Plaintiff alleges that these events deprived him of "rights protected by the 14th Amendment, Due Process, Equal Protection and liberty clauses". (Am. Compl. at 1.) Specifically, Plaintiff claims that 1) Defendant failed to restore Plaintiff to parole supervision after Defendant learned that proper parole revocation procedures, including notice requirements, had not been followed; and 2) Defendant sanctioned discriminatory parole and sentencing practices based on the nature of the crime committed. Plaintiff seeks compensatory and punitive damages in the amount of $75,000 as well as injunctive relief and a temporary restraining order, "to protect and safeguard plaintiff from any arbitrary and malicious and capricious acts of the defendant...." (Am. Compl. at 2.)

Defendant moves to dismiss Plaintiff's Amended Complaint on the grounds that 1) Defendant is not subject to suit pursuant to the Eleventh Amendment, 2) Defendant was not personally involved in any alleged constitutional deprivations, 3) collateral estoppel bars Plaintiff from raising the same issues that have been actually litigated in prior state proceedings, and 4) Plaintiff has failed to state a claim for which relief may be granted.

## DISCUSSION

■ In considering a motion to dismiss made pursuant to Rule 12(b)(6), the Court must accept the factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. *See Bolt Electric, Inc. v. City of New York*, 53 F.3d 465, 469 (2d Cir.1995). Dismissal is

---

1. Neither Plaintiff's original nor amended pleadings provide a narrative account of the facts upon which this action is based. Therefore, except as otherwise noted, this statement and the background information which follows is drawn from the Memorandum of Law in Support of Defendant's Motion to Dismiss the Amended Complaint.

appropriate only where it appears beyond doubt that Plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Id.* Furthermore, the standard as applied to *pro se* plaintiffs requires that the Court construe the complaint liberally. *Hughes v. Rowe,* 449 U.S. 5, 9–10, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980) (per curiam). However, even a *pro se* complaint "must contain specific facts supporting its conclusions." *Covington v. Coughlin,* No. 93 Civ. 8372, 1994 WL 163692, at *1 (S.D.N.Y. April 28, 1994)(quoting *Jenkins v. Sea–Land Service, Inc.,* No. 92 Civ. 2380, 1993 WL 322785, at *2 (S.D.N.Y. Aug. 19, 1993)(internal quotations omitted)).

 To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law, deprived him of a right, privilege, or immunity secured by the Constitution, laws, or treaties of the United States. *See* 42 U.S.C. § 1983; *Sykes v. James,* 13 F.3d 515, 519 (2d Cir.1993), *cert. denied,* 512 U.S. 1240, 114 S.Ct. 2749, 129 L.Ed.2d 867 (1994). "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes,* 13 F.3d at 519. Furthermore, a civil rights complaint "must contain specific allegations of fact which indicate a deprivation of constitutional rights; allegations which are nothing more than broad, simple, and conclusory statements are insufficient to state a claim under § 1983." *Alfaro Motors, Inc. v. Ward,* 814 F.2d 883, 887 (2d Cir. 1987).

 Plaintiff's allegations must also be premised on the proper theory of liability. It is well-settled that supervisory personnel cannot be held liable for violations of § 1983 under the theory of *respondeat superior. See Monell v. Department of Social Services of the City of New York,*

436 U.S. 658, 690–95, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). A defendant's personal involvement in the alleged constitutional violation is a prerequisite to the imposition of damages. *Id.* In *Williams v. Smith,* the Second Circuit articulated four ways in which a supervisory official may be personally involved in a § 1983 violation: he may have 1) been directly involved in the wrongdoing; 2) failed to remedy a wrong after learning of the violation; 3) created or allowed a policy under which the violation occurred; or 4) been grossly negligent in managing the subordinates who caused the violation. *Williams v. Smith,* 781 F.2d 319, 323–24 (2d Cir.1986).

Under a liberal reading of the Amended Complaint, the Court finds that Plaintiff has failed to state a claim for which relief may be granted. Plaintiff's first claim, that statutory notice requirements were not followed, must fail based on Plaintiff's own submissions to the Court. Plaintiff submitted a list of exhibits, including the transcript of his final parole revocation hearing. (Compl.Ex. B) The hearing transcript confirms that Plaintiff received notice of the hearing on October 2, 1997. (Compl. Ex. B at 3.) The transcript further confirms that Plaintiff's attorney waived the notice requirements. (Compl., Ex. B at 3, 6.)

 Plaintiff's remaining allegations are wholly conclusory. Plaintiff has failed to plead, with any specificity, his claim that Defendant discriminated against him. Nor has Plaintiff presented a single factual allegation which would suggest that Defendant was personally and directly responsible for any allegedly unlawful conduct under the standards articulated in *Williams. Id.* Plaintiff has only argued that Defendant was involved in the alleged violations in his supervisory capacity. These failures, as the court in *Alfaro Motors, Inc.* concluded, render the Amended Complaint

"fatally defective" on its face. *Alfaro Motors, Inc.*, 814 F.2d at 886 (quoting *Black v. United States,* 534 F.2d 524, 527–28 (2d Cir.1976)). Accordingly, the Court need not address the remainder of Defendant's arguments.

██ Finally, as the Amended Complaint, by definition, provided Plaintiff a second chance to sufficiently plead the facts supporting this action, the Court will not permit Plaintiff to replead. *See Cuoco v. Moritsugu,* 222 F.3d 99, 112 (2d Cir.2000)(finding that where repleading would be futile, a request to replead should be denied).

### CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is granted and the Amended Complaint is dismissed with prejudice.

SO ORDERED.