Linberg MARTIN, Plaintiff,

v.

**NEW YORK CITY DEPARTMENT OF CORRECTION, et al., Defendants.**

**No. 80 Civ. 4420 (KTD).**

United States District Court, S. D. New York.

Aug. 14, 1981.

Linberg Martin, pro se.

Allen G. Schwartz, Corp. Counsel, New York City, for defendants; Robert J. Conroy, Regina Saat, New York City, of counsel.

KEVIN THOMAS DUFFY, District Judge.

Plaintiff, who is confined in defendants' correctional facility, brings this action pursuant to 42 U.S.C. § 1983. He alleges his constitutional rights were violated by the defendants when they failed to provide him with the medical care he believed he needed. The defendants now move for a judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

■ An action against prison officials for inadequate medical care may be brought under 42 U.S.C. § 1983 in a federal district court only when the prisoner's allegations rise to the level of cruel and unusual punishment in violation of the Eighth Amendment. Mere negligence in giving or failing to supply medical treatment alone will not suffice. *Martinez v. Mancusi*, 443 F.2d 921 (2d Cir. 1970). Nor will a municipality be held liable solely because it employs a tortfeasor. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). To come within the scope of 42 U.S.C. § 1983, a prisoner must show that he suffered a constitutional tort as a result of action taken pursuant to official municipal policy. He must also allege acts which evidence a deliberate indifference to serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).

■ The plaintiff in this case pleads that he went to the prison hospital for follow-up treatments to an operation he had had outside of prison and for treatment of a skin disease he had contracted while in prison. He claims that the nurse refused to give him his medication several times and that a prison doctor said there was no cure for the skin disease. Even assuming that what the plaintiff says is true, there still is no basis for a suit under Section 1983. There is no indication that plaintiff suffered injury as a result of a policy, custom or regulation of the city. Nor is there an allegation in the complaint of acts evincing a deliberate indifference to plaintiff's medical needs on the part of the city. Whether or not the plaintiff has an actionable negligence claim in the state courts is a question not before this court.

Defendants' motion for a judgment on the pleadings is granted due to the plaintiff's failure to allege a personal deprivation of his constitutional rights. Accordingly, plaintiff's complaint is dismissed.

SO ORDERED.