Robert OWENS, Plaintiff,

v.

Thomas COUGHLIN III, Commissioner, New York State Department of Correctional Services; New York State Department of Correctional Services; Wilson Waters, Superintendent, Ossining Correctional Facility; Superintendent, Queensboro Correctional Facility; Dr. Dyette, Medical Director, Ossining Correctional Facility, Defendants.

No. 83 Civ. 594.

United States District Court, S.D. New York.

April 28, 1983.

Robert Owens, pro se.

Robert Abrams, Atty. Gen. of N.Y., New York City, for defendants; Barbara L. Linzer, Asst. Atty. Gen., New York City, of counsel.

EDWARD WEINFELD, District Judge.

Robert Owens, plaintiff appearing pro se, is presently confined to the New York State Correctional Facility in Attica, New York, and has brought this action for alleged deprivation of constitutional rights under 42 U.S.C., section 1983. He has named as defendants Thomas Coughlin, Commissioner of the New York State Department of Correctional Services; the Department of Correctional Services itself; Wilson Waters, the Superintendent of the Ossining Correctional Facility; Dr. Dyette, the Medical Director at Ossining; and the unnamed Superintendent of the Queensboro Correctional Facility. The defendants move to dismiss the complaint under Rule 12(b)(1) and (6) of the Federal Rules of Civil Procedure.

The complaint alleges three broad claims of alleged constitutional deprivations: illegal confinements, inadequate medical care, and other Eighth Amendment violations: that while confined in the Bayview Correctional Facility, plaintiff had an adverse reaction to medication given him by an unnamed nurse, which lasted for a period of hours; that while he was in Queensboro Correctional Facility, one Nurse Smalls "gave [him] the wrong medication" and, finally, that while confined at the Ossining Correctional Facility he was denied access to a physician when he requested one, and that he was denied admission to a hospital. Plaintiff admits that when he was scheduled to see a physician, he did not go "because he did not feel ill that day." The above constitutes the entirety of plaintiff's allegations regarding inadequate medical treatment.

Plaintiff's allegations as to his illegal confinement are the following: that from July

11 to 16, 1982 he was "keep-locked" by one Officer Backus (who is not a defendant herein) in a segregation cell in Ossining without having first "received a Superintendent's Proceeding." He also charges that upon his transfer to Queensboro Correctional Facility on July 16, he was continually kept in "special housing" through August 12, 1982, again without receiving a superintendent's proceeding, and that in September 1982 he was locked in segregation for two days without a superintendent's proceeding. Plaintiff's other Eighth Amendment claims are that his cell at Ossining had inadequate ventilation, and that on one occasion at that facility, he was denied admission to a work program.

Defendants have raised five defenses: (1) the Eleventh Amendment; (2) the immunity of States under section 1983; (3) plaintiff's failure to allege the personal involvement of the individual defendants; (4) the inadequacy of plaintiff's allegations regarding his medical treatment; and (5) a similar inadequacy as to his denial of admission to a work program.

▮ Both the Eleventh Amendment[1] and the doctrine articulated in *Monell v. Department of Social Services*[2] require dismissal of the suit against the New York State Department of Correctional Services. However, neither justify dismissal as to the individual defendants. On the face of the pleadings, the Court cannot say that the action, as a matter of law, falls beyond that area articulated in *Ex parte Young*[3] which subjects a state officer to liability in his individual capacity. However, defendants' third defense substantially disposes of the remaining issues. It is well-settled that a plaintiff must establish the personal involvement or knowledge of a defendant before he can recover monetary damages in a section 1983 civil rights suit.[4] The complaint is silent on this point and no allegation contained therein suggests any involvement. Even viewed liberally, since plaintiff appears pro se,[5] this critical element is not alleged. In short, plaintiff has failed to allege "any acts which defendants personally engaged in which were related to the alleged [unlawful conduct]."[6] Plaintiff's request for damages, therefore, is dismissed.

▮ The Court finds that plaintiff's alleged denial of adequate medical treatment is also meritless. To succeed on this claim, plaintiff must allege and prove that defendants showed "deliberate indifference to serious medical needs."[7] Not even a liberal construction of the complaint permits such an allegation. Accordingly, this claim is dismissed. The same result obtains as to the denial of admission to a work program. The failure to admit plaintiff for the reasons stated in the complaint—lack of funds—implicates neither an Eighth Amendment[8] nor a due-process[9] violation. This claim, too, is dismissed.

1. *Alabama v. Pugh,* 438 U.S. 781, 782, 98 S.Ct. 3057, 3058, 57 L.Ed.2d 1114 (per curiam) (citing *Edelman v. Jordan,* 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974); *Ford Motor Co. v. Department of Treasury,* 323 U.S. 459, 65 S.Ct. 347, 89 L.Ed. 389 (1945); *Worcester County Trust Co. v. Riley,* 302 U.S. 292, 58 S.Ct. 185, 82 L.Ed. 268 (1937)).

2. 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). See also *Quern v. Jordan,* 440 U.S. 332, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979).

3. 209 U.S. 123, 159–60, 28 S.Ct. 441, 453–454, 52 L.Ed. 714 (1908).

4. See, e.g., *McKinnon v. Patterson,* 568 F.2d 930, 934 (2d Cir.1977), cert. denied, 434 U.S. 1087, 98 S.Ct. 1282, 55 L.Ed.2d 792 (1978); *Johnson v. Glick,* 481 F.2d 1028, 1033–34 (2d Cir.), cert. denied, 414 U.S. 1033, 94 S.Ct. 462, 38 L.Ed.2d 324 (1973).

5. See *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (per curiam).

6. *Wade v. Carey,* 503 F.Supp. 25, 27 (S.D.N.Y. 1980). Cf. *Scot v. Merola,* 555 Supp. 230, 234 n. 15 (S.D.N.Y.1983).

7. *Estelle v. Gamble,* 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976). See also *Martin v. New York City Dep't of Correction,* 522 F.Supp. 169, 170 (S.D.N.Y.1981).

8. Cf. *Rhodes v. Chapman,* 452 U.S. 337, 348, 101 S.Ct. 2392, 2399, 69 L.Ed.2d 59 (1981) (denial of "desirable aids to rehabilitation" not unconstitutional).

9. Cf. *Gibson v. McEvers,* 631 F.2d 95, 98 (7th Cir.1980) (no liberty or property interest in prison work assignment). Accord *Bryan v. Werner,* 516 F.2d 233, 240 (3d Cir.1975).

■ All that remains is plaintiff's request for a declaration that his confinement to keeplock and segregation cells without receiving a "superintendent's proceeding" is unlawful. Plaintiff's charge on this point has not been addressed by any of the defendants. While it is "permissible to keep a prisoner in segregation until he agrees to abide by the rules of the institution," [10] the Court is unable to ascertain the reason for plaintiff's segregation from the papers before it. Until this issue is clarified, the defendant's motion is denied with leave to renew; however, as to Dr. Dyette, whose conduct has no bearing on this issue, it is granted.

In conclusion, the action is dismissed as to the Department of Corrections, and all individual defendants as to the request for monetary relief. Plaintiff's request for a declaration that his confinement to a keeplock and segregation cell was unlawful survives defendants' motion, except as to Dr. Dyette. The plaintiff's motion, made subsequent to defendants' motion to dismiss, for a restraining order against the parole supervisor upon his release on parole, is denied.

So ordered.

---

**10.** *Mukmuk v. Commissioner of Dep't of Correctional Services,* 529 F.2d 272, 277 (2d Cir. 1975), cert. denied, 426 U.S. 911, 96 S.Ct. 2238, 48 L.Ed.2d 838 (1976) (citing *Sostre v. McGinnis,* 442 F.2d 178, 187, 192 (2d Cir.1971) (en banc), cert. denied, 405 U.S. 978, 92 S.Ct. 1190, 31 L.Ed.2d 254 (1972)).