Michael WEBB, Donyell Beckwith, Willie Bradley, Mariano Cappelanmena, Timothy Collier, Steven Corbett, Rene Ellis, Leon Hardy, Tommy Jackson, Jr., Jeffrey McNeil, Brian Morgan, Jimmy Ramos, Shaka Reynolds, Eric Smith, Angel Valentine, James Walls, Edward Walsh, Sam Waters, Richard Weatherly, Harry Williams, Rodney Wright, Herbert Burgess, Manny Cabassa, Andres Chaparro, Shawn Cornwall, Gerald Derosse, Michael McKenzie, Daniel Morales, Thomas Murphy, Cornelius Ricks, and George Simmons, Plaintiffs,

v.

Glenn S. GOORD, Individually and as Commissioner of the New York State Dept. of Correctional Services; Dr. Lester Wright, Individually and as Associate Commissioner for Health Services of the New York State Dept. of Correctional Services; Frank Headley, Individually and as Superintendent of the Arthur Kill Correctional Facility; Daniel Senkowski, Individually and as Superintendent of the Clinton Correctional Facility; Charles Greiner, Individually and as Superintendent of the Sing Sing Correctional Facility; Earl Couture, Individually and as Superintendent of the Gouverneur Correctional Facility; Michael Mcginnes, Individually and as Superintendent of the Southport Correctional Facility; Edward Reynolds, Individually and as Superintendent of the Mohawk Correctional Facility; Robert Kuhlmann, Individually and as Superintendent of the Sullivan Correctional Facility; Melvin L. Hollins, Individually and as Superintendent of the Oneida Correctional Facility; Mr. Connelly, as Deputy of Security of Sing Sing Correctional Facility; Mr. Gebber, as Correctional Counsel of Sing Sing Correctional Facility; Peter Lacy, Individually and as Superintendent of the Bare Hill Correctional Facility; Brian Malone, as Inspector General of Docs; Sgt. Berios; Netti Condell, Correction Counselor, Joseph Mccoy, Individually and as Superintendent of the Cayuga Correctional Facility; Sgt. Huggins; Sgt. Blankenship; Officer Daniel Crumb; Officer Putnam; Officer John Doe Kelly of E–2 Unit; Officer Wein; Officer Foster; Lt. Caldwell; Sgt. Bishop; Deputy Superintendent Connelly; Lt.

---

Sherman, Lt. Farrel; Sgt. Vaughn; Correction Officer Hood; Charles Dufrain, Individually and as Superintendent of the Franklin Correctional Facility; Mr. Sweeney, as Deputy Superintendent of Security at the Gouverneur Correctional Facility; Captain Rabsatt; Sgt. Bourgal; Correction Officer R. Nagle; Correction Officer T. Link; Correction Officer J. Marnell; Correction Officer S. Strader; Correction Officer S. Stewart; Correction Officer M. Kiesznosk; Correction Officer Carey; Correction Officer Norman; Correction Officer Robert Pierce; Correction Officer Carey; Correction Officer Norman; Correction Officer Reif; Correction Officer Theabold; Correction Officer Honsky; Correction Officer Begin; Correction Officer D. Devito; Correction Officer Flint; Correction Officer Sweeny; Correction Officer Sgt. Bishop; Correction Officer Lt. Huckeba; Correction Officer P. Perry; Correction Officer T. Beck; Correction Officer Stevenson; Correction Officer Jordan; Correction Officer Nelson; Correction Officer Burlingame; Lt. Almstead; Correction Officer Stephen Martin; Correction Officer K. Ramsey; Correction Officer John Goeis; and Correction Officers John Doe # 1—100 whose true names are unknown to plaintiffs, Correction Officer E. Cruz; Correction Officer T. Wilson; Correction Officer "John" Woodley; Correction Officer "John" Wygate; Edward Donnelly, Individually and as Superintendent of the Wende Correctional Facility; Christopher Aruz, Individually and as Superintendent of the Greenhaven Correctional Facility; and Floyd Bennett, Individually and as Superintendent of the Elmira Correctional Facility, Defendants.

No. 99 CIV. 10394(VM).

United States District Court, S.D. New York.

March 28, 2002.

Paul E. Kerson, John F. Duane, Leavitt, Kerson & Leffer, New York City, for Plaintiffs.

### DECISION AND ORDER

MARRERO, District Judge.

Defendants, including seventy-two named and one hundred unnamed parties, move to dismiss the Second Amended Complaint in this action brought by thirty-one plaintiffs, all current inmates, with the exception of one former prisoner, in various correctional facilities throughout New York State. For the reasons set forth below, the motion to dismiss is granted.

### BACKGROUND

On September 29, 2000, this Court issued a Decision and Order (the "Decision"), familiarity with which is assumed, granting defendants' motion to dismiss the Amended Complaint in this matter.[1] At that time, the Court denied plaintiffs' motion to consolidate the claims of these thirty-one plaintiffs with those of six others who had earlier filed individual actions in other district courts in accordance with the relevant venue provisions, 28 U.S.C. § 1391. Furthermore, the Court noted a number of serious deficiencies in plaintiffs' complaint which warranted dismissal of the Amended Complaint. Nevertheless, the Court granted defendants' motion with leave to replead, affording plaintiffs a chance to file a Second Amended Complaint.

Under normal circumstances, the Court would find it unnecessary to remind plaintiffs that leave to amend is premised on the understanding that the subsequent filing shall make a good faith effort to cure the deficiencies of the preceding one. Nevertheless, it is clear from the face of the Second Amended Complaint that plain-

tiffs made no effort whatsoever to address the insufficiencies that the Court had noted in its earlier Decision. In fact, the only changes in the Second Amended Complaint reflect plaintiffs' voluntary abandonment of their claim under the Prison Litigation Reform Act, 18 U.S.C. § 3626, and the exclusion of six of the original plaintiffs who properly chose to pursue their individual claims in other courts or districts.[2] Aside from these notable deletions, plaintiffs made no attempt to support the string of speculations and conclusory assertions in the Amended Complaint.

### DISCUSSION

Because of plaintiffs' complete failure to address any of the deficiencies in the Amended Complaint, the Court has no alternative but to grant defendants' motion to dismiss the Second Amended Complaint for the exact same reasons set forth in the Court's Decision. *See Webb*, 197 F.R.D. at 102–04.

Specifically, with regard to plaintiffs' claim of conspiracy to violate their civil rights pursuant to 42 U.S.C. § 1983, the Court found that they "offer no factual basis of any agreement, action in concert or overt conduct by any of the defendants that falls within the scope of conspiracy to deprive plaintiffs of their civil rights." *Webb*, 197 F.R.D. at 103 (citing *Jews for Jesus, Inc. v. Jewish Community Relations Council of New York, Inc.*, 968 F.2d 286, 290–91 (2d Cir.1992) and *Polur v. Raffe*, 912 F.2d 52, 56 (2d Cir.1990), *cert. denied*, 499 U.S. 937, 111 S.Ct. 1389, 113 L.Ed.2d 446 (1991)). Because plaintiffs have chosen not to provide any more than the conclusory allegations of conspiracy

---

1. The Court's decision is reported as *Webb v. Goord*, 197 F.R.D. 98 (S.D.N.Y.2000) ("*Webb*").

2. The six plaintiffs in the original action who have decided to pursue earlier filed actions in other courts are Gregory Barnes, Don Juan Britt, Hunter DuPree, William Mingues, Timothy Smith and Lance Sullivan.

made in their Amended Complaint, the present claim of conspiracy also fails.

Furthermore, the Court granted defendants' motion to dismiss plaintiffs' Eighth Amendment claim in the Amended Complaint in part because "plaintiffs do not allege that defendants knew of the assaults and failed to prevent them, or that defendants did not respond properly once they became aware of the attacks. Nor do they furnish any more specifics identifying by which defendants and in what particular ways plaintiffs were deliberately deprived of adequate medical treatment." *Webb*, 197 F.R.D. at 104. With respect to other aspects of their Eighth Amendment claims, plaintiffs failed to plead the requisite intent, recklessness or deliberate indifference and to allege the degree of personal involvement necessary to impute liability to defendants in supervisory roles. *Id.* The Court finds no reason to sustain the exact same unsubstantiated claim under the Eighth Amendment made in the Second Amended Complaint.

Having failed to state a claim for any violation of federal law, the Court declines to exercise supplemental jurisdiction over plaintiffs' remaining state law claims of assault, intentional infliction of emotional distress, respondeat superior liability, negligence and denial of medical treatment. *See id.*

With respect to the motion to dismiss the Amended Complaint, the Court acknowledged that most, if not all, of the plaintiffs' claims could be dismissed upon any number of grounds advanced by defendants. The Court found it unnecessary to address all of those grounds because plaintiffs had simply failed to state a claim upon which relief could be granted. In connection with the present motion, the Court finds it similarly unnecessary to address all the possible grounds that would support dismissal. Nevertheless, it is im-

portant to note that since the filing of the parties' motion papers, the state of the law with respect to litigation by prison inmates has been clarified measurably by the Supreme Court's decision in *Porter v. Nussle*, 534 U.S. 516, 122 S.Ct. 983, —— L.Ed.2d —— (2002). In interpreting the 1995 amendments to the Prison Litigation Reform Act, 42 U.S.C. § 1997e, the Court held that "[e]ven when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. And unlike the previous provision, which encompassed only § 1983 suits, exhaustion is now required for 'all action[s] . . . brought with respect to prison conditions,' whether under § 1983 or 'any other Federal law.' " *Id.* at 987 (citations omitted).

In light of the clarification in *Nussle*, plaintiffs' argument that "[e]xhaustion of administrative remedies is absolutely not required in this case," is entirely untenable. (Plaintiffs' Memorandum of Law in Opposition to Defendants' Third Motion to Dismiss, dated September 5, 2001, at 1.) Because plaintiffs have failed to allege any facts or circumstances substantiating their compliance with the exhaustion requirement, the complaint should be dismissed on these alternative grounds.

In closing, the Court reiterates the serious and concerned deliberation with which it has approached plaintiffs' allegations. *See Webb*, 197 F.R.D. at 102–03 ("The Court does not wish to minimize the gravity of the conditions plaintiffs portray, nor to treat lightly the grievousness of the harm they may have sustained."). Indeed, some of plaintiffs' allegations describe injury and harm of a chillingly brutal nature. The current posture of this case, however, convinces the Court that dismissal of the Second Amended Complaint is the only appropriate outcome; plaintiffs were given the chance to cure the legal deficiencies in

their Amended Complaint, but they simply chose not to avail themselves of the second chance.

Nevertheless, in light of the gravity of plaintiffs' allegations, the Court feels compelled to point out that plaintiffs may have on final bite at the apple. Although plaintiffs have failed to state any claims in this action upon which relief may be grounded and although their allegations of a sweeping, state-wide conspiracy to violate prisoners' civil rights were wholly unsubstantiated, each plaintiff may have the right, to the extent not yet precluded by applicable law, to file an individual action in accordance with the relevant venue provisions of 28 U.S.C. § 1391 and assuming that plaintiff has knowledge of specific facts that would support a claim for relief. Although some plaintiffs may wish to avail themselves of these alternatives, the Court cautions each individual plaintiff before so proceeding to weigh carefully all of the elements necessary to sustain the cause of action alleged in light of the pleading and exhaustion requirements set forth above and the deficiencies the Court previously noted in *Webb* and again above.

### CONCLUSION AND ORDER

For the reasons set forth above, it is hereby

**ORDERED** that defendants' motion to dismiss plaintiffs' Second Amended Complaint [Doc. No. 26] is GRANTED; and it is further

**ORDERED** that the Clerk of Court is directed to close this case.

**SO ORDERED.**