**Joseph JOHNSON, Plaintiff,**

v.

**Stste of NEW YORK; John Doe #1, New York State Department of Corrections; Pedro Quinones, Superintendent, New York State Division of Parole, Defendants.**

No. 01 Civ. 4218(VM).

United States District Court,
S.D. New York.

April 4, 2003.

Joseph Johnson, New York City, pro se.

### DECISION AND ORDER

MARRERO, District Judge.

Plaintiff Joseph Johnson ("Johnson"), acting *pro se*, brought this action pursuant to 42 U.S.C. § 1983 against defendants the State of New York (the "State"); the New York State Division of Parole ("DOP"); Pedro Quinones ("Quinones"), Superintendent, New York State Department of Correctional Services ("DOCS"); and a "John Doe # 1" not yet identified (collectively the "Defendants"). Johnson seeks compensatory and punitive damages in connection with an incident during which he alleges he was held in custody erroneously. Defendants move to dismiss the complaint on the grounds that Johnson's claims against the State and its agencies are barred by the Eleventh Amendment to the United States Constitution and that Johnson has otherwise failed to state a claim involving a constitutional violation. For the reasons stated below, the Defendants' motion is GRANTED.

### I. PROCEDURAL HISTORY

Johnson originally commenced this action *pro se* on May 18, 2001, naming various State defendants and requesting leave to proceed in *forma pauperis*. In granting the request, Chief Judge Mukasey directed that Johnson file an Amended Complaint specifying the names of defendants and other persons involved, and describing the time, locations, and relevant acts constituting the underlying events that gave rise to his claims. *See Johnson v. State of New York*, No. 01 Civ. 4218, slip op. (S.D.N.Y. May 18, 2001). Johnson was warned that if he failed to comply with the Order within the time allotted, his Complaint would be dismissed. *See id.* Following a Court-authorized extension, Johnson filed an Amended Complaint on August 22, 2001 naming as defendants the State, DOCS and the Division of Parole. He was thereafter ordered to file an amended caption specifically identifying the proper defendants. On December 11, 2001 Johnson filed a Second Amended Complaint, the pleading now before this Court. As described below, the Second Amended Complaint did not contain the particular information Johnson had been directed to provide in the amended pleadings, and thus failed to comply fully with the Court's previous Orders. Moreover, Johnson served process only on the State and the Division of Parole.

Citing the continuing deficiencies in Johnson's complaint, on July 8, 2002 the State moved pursuant to Fed.R.Civ.P. 12(b)(6) to dismiss the action for failure to state a claim. By Order dated September 23, 2002, the Court directed Johnson to respond to the State's motion by October 18, 2002 and warned that failure to do so could result in the Court's addressing the motion as unopposed. To date, Johnson has not responded.

### II. FACTS

Johnson, who had been incarcerated in several DOCS and New York City facilities at various times since 1991, states that he

was summoned to appear before a state judge on February 5, 1999 in connection with some unspecified matter regarding his appeal from a conviction. He claims that although his attorney failed to appear on his behalf, the judge ordered him to remain in custody until he served out his term. He was then remanded to prison until he received a Court Order Discharge ("COD") on March 9, 1999. On that date, while at the New York City correctional facility at Rikers Island, Johnson was informed that he had to be transported to the State's Ulster Correctional Facility ("Ulster") to be released, purportedly because the COD he possessed bore a State number.

At Ulster later that day Johnson was told that, because his paperwork had arrived late, the processing of his release would be completed the following day. According to Johnson, by late in the day on March 10th, the necessary paperwork had not been completed and, by reason of a computer failure, his documentation was lost. He alleges that he gave the only document he possessed, his copy of the COD, to an Ulster corrections officer, who failed to return it to him, and that on account of these circumstances he was detained at Ulster until March 17, 1999.

Johnson asserts that on March 17, 1999 he was transferred for work release, without any documentation, from Ulster to Fulton Correctional Facility ("Fulton"), Bronx, New York by a corrections officer ("John Doe # 1") who allegedly made a rude remark to Johnson. Two days later, Quinones, the Superintendent of Fulton, sent Johnson back to Ulster. He was again transported by John Doe # 1, who once more allegedly uttered a rude remark to Johnson. Johnson then asserts, but does not explain what occurred in the interim, that he arrived at the Mt. McGregor

Correctional Facility ("McGregor") on March 22, 1999.

Finally, Johnson declares that by reason of these events he missed an interview with the Merit Board on April 13, 1999 and seeks "punitive and compensatory damages of $225.00 per day for every day he was unduly incarcerated and on parole from March 9, 1999 to October 2000." (Second Amended Complaint ¶ 3.) The pleadings in the Second Amended Complaint make no mention of any other intervening events occurring between Johnson's arrival at McGregor on March 22, 1999 and the October 2000 date he specifies as the timeframe for his measure of damages, except that sometime in May 1999 his documentation was finally located and he then met with the Merit Board and was released on parole until October 2000.

## III. DISCUSSION

### A. STANDARD OF REVIEW

■ Dismissal of a complaint for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6) is proper only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Harris v. City of New York,* 186 F.3d 243, 247 (2d Cir.1999). In considering such a motion, a court accepts all well-pleaded factual assertions in the complaint as true and draws all reasonable inferences in favor of the plaintiff. *See Jaghory v. New York State Dep't of Educ.,* 131 F.3d 326, 329 (2d Cir.1997). Because Johnson is acting *pro se,* the Court must "read the pleadings . . . liberally and interpret them to 'raise the strongest arguments that they suggest.'" *McPherson v. Coombe,* 174 F.3d 276, 280 (2d Cir.1999) (quoting *Burgos v. Hopkins,* 14 F.3d 787, 790 (2d Cir.1994)); *Soto v. Walker,* 44 F.3d 169, 173 (2d Cir.1995).

■ *Pro Se* status by itself, however, does not exempt a litigant from compliance with relevant procedural rules or relieve him from the application of governing substantive law. *See Traguth v. Zuck,* 710 F.2d 90, 95 (2d Cir.1983) (citing *Birl v. Estelle,* 660 F.2d 592, 593 (5th Cir.1981)). Any complaint asserting violations of civil rights "must contain specific allegations of fact which indicate a deprivation of constitutional rights; allegations which are nothing more than broad, simple, and conclusory statements are insufficient to state a claim under § 1983." *Alfaro Motors, Inc. v. Ward,* 814 F.2d 883, 887 (2d Cir.1987).

## B. CLAIMS AGAINST THE STATE AND ITS AGENCIES

■ Although directed by the Court's May 18, 2001 Order to present specific identities and acts of the Defendants referred to in his original complaint, Johnson has failed to do so. As currently formulated, his Second Amended Complaint continues to name as defendants the State, and the DOP. Insofar as Johnson seeks to assert claims against the State or its agencies in federal court, his action is barred by the Eleventh Amendment. *See Seminole Tribe of Florida v. Florida,* 517 U.S. 44, 54, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996); *Owens v. Coughlin,* 561 F.Supp. 426, 428 (S.D.N.Y.1983). Accordingly, Johnson's claims against the State and the DOP must be dismissed.

## C. CLAIMS AGAINST OTHER DEFENDANTS

■ Johnson's Second Amended Complaint names John Doe # 1 in the caption as a defendant and identifies him as the corrections officer who transported him from and to Ulster on March 17 and 19, 1999 and who allegedly made some rude remarks to him. He also names Quinones, as Superintendent of Fulton, presumably for his role in returning Johnson to Ulster on March 19, 1999. However, Johnson has not as yet identified John Doe # 1, nor served him or Quinones. And beyond his general assertions, despite the Court's repeated directions in May 2001 and August 2002 for more particularity regarding Johnson's constitutional claims and warning that merely identifying a defendant as a "John Doe" does not toll the three-year statute of limitations, Johnson's pleadings contain no other indication of conduct by these or any other specified State officials that articulates a claim of constitutional violation. Johnson's Second Amended Complaint remains essentially a repetition of the allegations in the original Complaint he was ordered to amend. In addition, to the extent Johnson's claims are grounded on events that occurred in March 1999, his cause of action accrued then and the statute of limitations began to run at that time. As he has not identified and/or served the Defendants involved in the underlying incidents, these claims would appear now to be time-barred under 42 U.S.C. § 1983. For these reasons, the Second Amended Complaint must be dismissed. *See Webb v. Goord,* 192 F.Supp.2d 208, 210 (S.D.N.Y.2002) (dismissal of plaintiffs' Second Amended Complaint for failure to correct deficiencies noted by the court in dismissing the Amended Complaint).

## IV. ORDER

For the reasons discussed above, it is hereby

**ORDERED** that the State's motion to dismiss plaintiff Joseph Johnson's Second Amended Complaint herein is GRANTED.

The Clerk of Court is directed to close this case.

**SO ORDERED.**